George Sloane, Appellant, *v.* William Elmer, Respondent.

In an action to recover damages for an injury resulting from a collision between plaintiff's carriage and one alleged to belong to defendant, through the negligence of the coachman driving the latter, the principal question on the trial was as to whether the carriage belonged to defendant or his daughter, to whom defendant claimed to have sold it and the horses. It was not claimed by defendant that the employment of the coachman was separate from the ownership of the carriage and horses, and the evidence showed them inseparably connected. The court charged that, if defendant did not own the carriage and horses, no recovery could be had. Defendant's counsel requested him to charge that if the jury find the coachman was not the servant of the defendant but of the daughter, they could not find for plaintiff. The court remarked that he did not see how he could separate the two things on the evidence, and said counsel excepted to the refusal to charge as requested. *Held,* that the remark could not be construed as a refusal to charge the request as a legal proposition, but only that as a question of fact; the ownership of the carriage and horses and the employment of the coachman could not be separated, and that the form of the exception did not change the effect of the decision.
*Sloane* v. *Elmer* (1 Hun, 310) reversed.

(Argued February 2, 1876; decided February 15, 1876.)

Appeal from order of the General Term of the Supreme Court, in the first judicial department, reversing a judgment in favor of plaintiff, entered upon a verdict and granting a new trial. (Reported below, 1 Hun, 310.)

The nature of the action and the facts are set forth sufficiently in the opinion.

*A. R. Dyett* for the appellant. The court properly refused to charge as requested. (10 N. Y., 489, 499; 11 id., 679; 43 id., 216; 2 Abb. Ct. App. Dec., 480.) In finding the verdict for plaintiff, the jury necessarily found that the carriage and horses belonged to him, and so necessarily found defendant guilty of willful falsehood, and the maxim "*falsus in uno, falsus in omnibus*" applies. (29 N. Y., 471, 492; id., 523, 528–531; 40 id., 1, 2–44; id., 172; 1 Hun, 307; 4

Sickels—XIX.     26

Barb., 571, 587; 55 id., 293, 296–297.) No error was committed which called for a reversal of the judgment. (14 Barb., 259, 303, 310, 376; 6 id., 436; 3 Hill, 287–288; 7 Wend., 160; 35 Barb., 651–652; 15 N. Y., 409, 413; 16 id., 407, 412, 413; 47 id., 286; 13 Barb., 510, 521; 34 id., 358, 360–361.) The General Term erred in granting a new trial. (13 Barb., 520; 2 id., 216; 16 id., 386, 391; 2 Comst., 193.)

*Amasa J. Parker*, for the respondent. It was not error for the General Term to grant a new trial. (*Quarman* v. *Burnet*, 6 M. & W., 449, 509, 510; *Hughs* v. *Boyer*, 9 Watts, 556; *Weyiant* v. *N. Y. and H. R. R. Co.*, 3 Duer, 360; Story on Agency [7th ed.], §§ 453 *a*, 453 *b*.)

CHURCH, Ch. J. This action was brought to recover damages for an injury to plaintiff's wife, by a collision between the carriage of the plaintiff and that of the defendant, alleged to have been caused by the negligence of the coachman driving the latter. The principal contest on the trial was whether the establishment which it was alleged produced the collision belonged to the defendant or to his daughter, Mrs. Hunt. It was conceded that the defendant had owned the carriage and horses and employed the coachman, but it was claimed that sometime previous to the accident he had sold the horses and carriage to his son, and that the latter had sold them to the daughter, Mrs. Hunt.

At the close of the charge, the case states that, " defendant's counsel requests the court to charge: ' if they find this coachman was not the servant of the defendant but was in the employ of Mrs. Hunt, they cannot find for the plaintiff," and that the court remarked that he did not see how he could separate the two things on the evidence in the case. The defendant's counsel excepted to the refusal of the court to charge as requested. The proposition of law contained in the request was undoubtedly correct; and if the true construction of what took place is that the judge refused to charge it as a legal proposition, or if the jury were misled

in respect to it the General Term was clearly right in reversing the judgment. But is that the proper construction? All the evidence on the trial connected the ownership of the carriage and horses with the employment of the coachman. There was no claim on the part of the defendant, or Mrs. Hunt, or any of the witnesses, that the employment of the coachman was separate from the ownership of the carriage and horses; and it was assumed that the two things went together. True, the defendant testified generally that he sold the carriage and horses, and discharged the coachman; and Mrs. Hunt testified that she owned the former and employed the latter. The coachman testified, on his direct examination, that he drove for Mrs. Hunt at the time of the accident; but on his cross-examination he stated that when he was first employed he went to defendant's house and saw Mrs. Hunt, and she told him to come around in the evening and see her father; that he went around, and then said that he did not know who did hire him, but that Mrs. Hunt always paid him, and that no other arrangement was ever made with him. This was previous to the alleged sale of the horses and carriage; and there is no dispute but that this hiring of the coachman was by or for the defendant; and there is no evidence that there was any other or different employment. Mrs. Hunt resided with the defendant and was in the habit of paying the servants and other bills for him. The sale of the carriage and horses was claimed to be colorable, and that the establishment was used in the family the same as before; and the evidence was principally directed to that question, the employment of the coachman being regarded as an incident to the ownership of the carriage and horses. The judge charged the jury that if the defendant did not own the carriage and horses no recovery could be had; and the case was submitted on that question, assuming as the parties had assumed throughout the trial, that the employment of the coachman depended upon the decision of that question.

When the judge remarked that he could not see how the

two things could be separated, did he intend to say, as matter of law, that the request was not correct, or only that under the evidence, as a question of fact, the ownership of the carriage and horses and the employment of the coachman could not be separated? It seems to me that this was all he intended to say. A verdict that the defendant owned the carriage and horses and that the driver was in the employ of Mrs. Hunt, would be contrary to the theory of both parties and inconsistent with all the evidence in the case. Nor do I think that the jury could have been misled. If the judge had formally assented to the proposition, he would have been fully justified in stating that the question depended upon the ownership of the carriage and horses, and that the two things were inseparably connected by the evidence. The jury must have so understood the remark made. The exception to the refusal of the judge to charge as requested cannot change the effect of the decision intended to be made. The jury must have found by their verdict that the carriage and horses belonged to the defendant, and this necessarily involved the employment of the coachman.

The order of the General Term must be reversed and judgment entered on verdict affirmed, with costs.

All concur; except Folger, J., not sitting.

Order reversed and judgment accordingly.